25,823 02

IN the

Texas Court of Criminal Appeals

at Austin

Abel Acosta, Clerk

NOV 12 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

Stacy L. Conner,
Relator,

vs.

7th District Court of Appeals,
Respondent,

Case Number:

WR-25,823-02

This document contains some
pages that are of poor quality
at the time of imaging.

## Motion for En Banc Reconsideration

To the Honorable Judges of the Texas Court of Criminal Appeals:

Comes Now, Stacy L. Conner TDC # 1428940, hereinafter referred to as Relator, in the above-entitled cause who submits ProSe this "Motion for En Banc Reconsideration" allowed by Texas Rules of Appellate Procedure, Rules 49.1, 49.7, 74.9 and 79.1, and in support of will show the following:

In order to maintain uniformity with precedents set and followed (many times over) by this state's courts

-1-

of appeals, the Texas Supreme Court itself [even state statutes of law] and rulings dictated by the highest court in the land: the U.S. Supreme Court; this renowned Gatekeeper of Texas jurisprudence should feel compelled — to take its time and initiative — and reevaluate (to Reconsider) Relator's Petition as it relates to law and the bedrock-solid cases he has provided:

Rodriquez v. State, 28 S.W. 3d 25 (2002); Kennamer v. Noblitt, 332 S.W. 3d 559; "The Mailbox Rule" as defined in: Houston v. Lacks, 487 U.S. 266, 108 S. ct. 2379, 101 L. Ed 2d 245 (1988); The U.S. Supreme Court recognized that, "[u]nskilled in law, unaided by counsel, and unable to leave the prison, a pro se prisoner's control over the processing of his notice necessarily ceases as soon as he hands it over [.]"

Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998); "a petition should be deemed 'filed' when petition is handed over to prison authorities for mailing."

see: Relator's Petition for Writ of Mandamus and the Exhibits contained in the attached Appendix.


1.) Relator handed over to prison authorities his PDR to this court prior to its due date.


2.) After receipt, this court denied Relator's PDR as untimely . . . which was error.

-2-

3.) Relator immediately (in RESPONSE) submitted a motion for RECONSIDERATION (or REHEARING) in an honest attempt to point out the court's ERROR: that his PDR was **NOT** untimely!

4.) That motion (directly upon receipt) was 'REJECTED for NON-Compliance with 79.2 (c)' although Relator is not a 'counsel' but a PRO SE litigant who should not be held to the same STRINGENT standards as state bar licensed lawyers [or counsels], HAINES v. KERNER, 404 U.S. 519, 520-21 [30 L. Ed 2ᵈ 652, 92 S. ct. 594] (1972).

5.) In an effort to bring these matters to the court's attention Relator filed a time Amended and/or second 'Motion for Reconsideration' (or Rehearing) which was clearly, under the given circumstances allowed for by law.

6.) That valid pleading — to this day — has NEVER been answered NOR RESPONDED to by the Court of Criminal Appeals.

7.) Yet, the 7ᵗʰ District Court of Appeals issued a mandate in the case (while a motion for Rehearing was/is still pending) in direct contradiction to T.R.A.P. Rule 18.1 under both (2) and (2)(b).

8.) It was with these facts in hand that Relator went to the 7ᵗʰ District Court of Appeals pleading in

a proper Motion to Recall Mandate that such action be taken.

9.) The 7th District Court of Appeals "denied" that substantially Grounded motion without comment.

10.) So, Relator was left with virturally no options other than to file, with this mighty Court, a Petition for Writ of Mandamus — asking that they Review all the evidence and facts which he dutifully supplied in his Petition — believing in his heart that 'Truth' would/will ultimately prevail.

11.) Again, this Court, has willfully defied the very laws and precedents they have sworn to protect and uphold by denying Relator's Petition. . . . without comment.

In doing so, they deny Relator due process and actual access-to-court Guaranteed by the Great "Bill of Rights" of the U.S. Constitution under the 1st, 5th, and 14th Amend.

"Of what avail is it to the individual to arm him with a panoply of constitutional Rights if, when he seeks to vindicate them, the courtroom can be hermetically sealed against him by a functionary who, by Refusal or Neglect, impedes the filing of his papers?" McCray v. Maryland, 456 F. 2d 1, at 6 (4th Cir. 1972).

-4-

From this Court's original assertion (or Ruling) that Relator's Petition for Discretionary Review was <u>untimely</u>, when in fact it wasn't, and all evidence presented or available clearly supports the contention that his PDR was timely tendered, the administration of justice, as well as the scales themselves have been left askwed at an unsightly angle crying to be Rebalanced. An act that only this Court of Criminal Appeals can perform.

Wherefore, Premises Considered, Relator seeks an evaluation or Reconsideration of his Petition for Writ of Mandamus by an entire panel, En Banc; to not only acknowledge the issues contained in this motion (and in his Petition) but act accordingly and Grant him the Relief that is Required by precedent and statute of law. Thank You!

To be in complete compliance with T.R.A.P. Rule 79.2 (c), Relator states that this motion is substantially Grounded on both fact and law; that its submitted in Good faith and not for any misplaced purposes of strategy or delay.

Respectfully Submitted,

Stacy L. Conner

## Certificate of Service

I do so certify that a true and correct copy of the proceeding 'Motion for En Banc Reconsideration' are being forwarded by first-class U.S. mail to:

The 7th District Court of Appeals
P.O. Box 9540
Amarillo, Texas 79105-9540

by my placing them in the prison unit mailbox on this: 23rd day of October 2015, a Friday.

WARNER v. Glass, 135 S.W.3d 681, 684 (Tex. 2004); The Supreme Court of Texas declined to penalize an inmate who timely delivered a document to the prison mailbox.

Because of Relator's indigent status his mail takes several days (usually) before its processed out.

id. Spotville v. Cain, 149 F 3d 374, 377 (5th Cir. 1998);

Stacy L. Conner

-6-